FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL KIZA WAUSA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVENPORT GRAND HOTEL,<br><br>    Defendant. | No. 2:18-cv-00008-SAB<br><br>**ORDER GRANTING LEAVE TO AMEND; DIRECTING PLAINTIFF TO PROPERLY EFFECTUATE SERVICE** |

Before the Court is Defendant's Motion to Dismiss Complaint. ECF No. 11. Also pending before the Court are Plaintiff's Motion for Appointment of Pro Bono Interpreter in French, ECF No. 16, and Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 20. The motions were heard without oral argument. Plaintiff is proceeding *pro se*. Defendant is represented by Keller Wayne Allen and Mary Margaret Gibbons.

Plaintiff Paul Kiza Wausa is bringing suit against his former employer, Defendant Grand Hotel. He is alleging claims under Title VII, the Americans with Disabilities Act ("ADA"), the Genetic Information Non-Discrimination Act ("GINA") and the Age Discrimination in Employment Act (ADEA).

Defendant moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

//

//

**ORDER GRANTING LEAVE TO AMEND; DIRECTING PLAINTIFF TO PROPERLY EFFECTUATE SERVICE ~ 1**

## Motion Standard

**1. Fed. R. Civ. P. 12(b)(5)**

Fed. R. Civ. P 12(b)(5) permits a party to move to dismiss an action for insufficient service of process. However, failure to comply with Rule 4's personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

**2. Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss an action or claim for failure to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6), the Court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal conclusions, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

Pursuant to Fed. R. Civ. P. 8, a pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

As the U.S. Supreme Court instructs:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a

**ORDER GRANTING LEAVE TO AMEND; DIRECTING PLAINTIFF TO PROPERLY EFFECTUATE SERVICE ~ 2**

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Ashcroft*, 556 U.S. at 679 (citations and quotations omitted).

### Plaintiff's Complaint

In his Complaint, Plaintiff identifies numerous incidents as the underlying basis for his claims: (1) he was suspended for three days for speaking with a woman; (2) he was denied a transfer; (3) he was harassed on account of his race, i.e., his manager said that because he was Black he had to do everything at once; (4) he was terminated from his employment on account of his race, i.e. the upper management called him Black, Negro and a dog; (5) he was trespassed from the Davenport; (6) he was accused of failing to perform his job task; and (7) Defendant put a stop payment on his check because of his race. Plaintiff is seeking $75,000,000.00 in damages.

### Analysis

**1. Deficiency in Service**

Defendant states that it received a summons in the mail on March 23, but received a copy of the Complaint a few days prior to March 23. Additionally, Defendant indicates that the Proof of Service is incorrect.

Fed. R. Civ. P. 4 covers the requirements for properly serving a Complaint. Subsections (c) and (d) address Service:

> (c) Service.
>   (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>   (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.
> \*\*\*
> (d) Waiving Service

**ORDER GRANTING LEAVE TO AMEND; DIRECTING PLAINTIFF TO PROPERLY EFFECTUATE SERVICE ~ 3**

  (1) Requesting a Waiver. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

    (A) be in writing and be addressed:
     (i) to the individual defendant; or
     (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
    (B) name the court where the complaint was filed;
    (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
    (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
    (E) state the date when the request is sent;
    (F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and
    (G) be sent by first-class mail or other reliable means.

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
 (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
 (2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

**ORDER GRANTING LEAVE TO AMEND; DIRECTING PLAINTIFF TO PROPERLY EFFECTUATE SERVICE ~ 4**

Based on the record before the Court, Plaintiff has not complied with Rule 4. Notably, Plaintiff attempted to effectuate service himself. Pursuant to Fed. R. Civ. P. (4)(c)(2), Plaintiff is not permitted to do so. Also, he attempted to serve by mail, which is insufficient without a Court Order.

In an effort to assist Plaintiff with service, Defendant's counsel contacted him to offer the acceptance of service procedure set forth in Fed. R. Civ. P. 4(d). Plaintiff refused this offer. As such, before this case can proceed, Plaintiff must properly effectuate service using one of the methods set forth in Rule 4 or risk the dismissal of his Complaint under Fed. R. Civ. P. 12(b)(5).

**2. Failure to State a Claim**

Defendant asks the Court to dismiss Plaintiff's claims to the extent they are based on violations of the ADA, GINA, or the ADEA. Because Plaintiff's Complaint fails to include any facts or allegations related to these claim, the Court dismisses claims based on the ADA, GINA, or the ADEA.

**3. Leave to Amend**

Because Plaintiff is proceeding *pro se*, the Court will grant him an opportunity to amend his complaint to state plausible claims under the ADA, GINA, or the ADEA. Plaintiff is instructed that an Amended Complaint will operate as a complete substitute for (rather than a mere supplement to) the present Complaint. It must be clearly labeled the "Amended Complaint" and cause number 2:18-cv-00008-SAB must be written in the caption and must be properly served on Defendant.

**4. Request for Interpreter and Pro Bono Counsel**

Plaintiff seeks appointment of pro bono counsel pursuant to the Eastern District of Washington's General Order No. 16-114-1. That Order authorizes this Court to appoint counsel from the Pro Bono Panel of Attorneys. In making a request for pro bono counsel, Plaintiff is required to submit a declaration of indigency. Plaintiff has failed to do so. Also, the Court notes that Magistrate John

**ORDER GRANTING LEAVE TO AMEND; DIRECTING PLAINTIFF TO PROPERLY EFFECTUATE SERVICE ~ 5**

Rodgers denied Plaintiff's request to proceed *in forma pauperis*, which would preclude the Court from appointing counsel from the Panel. For the same reasons, the Court denies Plaintiff's request for a court appointed interpreter

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Complaint, ECF No. 11, is **GRANTED**, in part.

2. Plaintiff's Motion for Appointment of Pro Bono Interpreter in French, ECF. No. 16, is **DENIED**.

3. Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 20, is **DENIED**.

4. Plaintiff is directed to effectuate proper service by following the requirements set forth in Fed. R. Civ. P. 4. within 30 days from the date of this Order.

4. Plaintiff is granted leave to file an Amended Complaint within 30 days from the date of this Order.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 30th day of May 2018.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING LEAVE TO AMEND; DIRECTING PLAINTIFF TO PROPERLY EFFECTUATE SERVICE ~ 6**