UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL KIZA WAUSA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVENPORT GRAND HOTEL,<br><br>    Defendant. | No. 2:18-cv-00008-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Defendant's Motion for Summary Judgment Dismissal, ECF No. 78, Motion to Strike, ECF No. 104, and related Motion to Expedite, ECF No. 103. A hearing on Defendant's Motions was held on September 26, 2019.[1] Plaintiff represented himself[2] and Defendant was represented by Susan C. Nelson and Mary Palmer.

---

[1] After Defendant gave its oral arguments and Plaintiff was given an opportunity to respond, Plaintiff indicated he was unable to hear the arguments. At no time prior to this time did Plaintiff indicate he could not hear, nor did he request any accommodations. Plaintiff presented his responsive argument and he was able to respond to the Court's questioning and direction. The Court finds that Plaintiff waived his right for accommodation.

[2] Previously, the Court granted Plaintiff's request for counsel and local counsel volunteered to represent Plaintiff. Plaintiff was unable to establish an

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Plaintiff is suing his former employer, Defendant Davenport Grand Hotel. Previously, the Court granted Defendant's Motion to Dismiss Plaintiff's Americans with Disability Act ("ADA"), Genetic Information Non-Discrimination Act ("GINA"), and Age Discrimination in Employment Act ("ADEA") claims. ECF No. 33. The only remaining claim is Plaintiff Title VI claim accusing Defendant of racial discrimination when he was fired from his job at the Davenport Grand Hotel. Defendant now moves for summary judgment on that claim.

Plaintiff filed numerous documents in response to the motion. The Court strikes those documents that were filed after Plaintiff filed his first response to Defendant's Motion for Summary Judgment as being in violation of the Court's Order, ECF No. 91, Notice to Pro Se Litigants of the Summary Judgment Rule Requirement.

**Motion Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of*

---

attorney/client relationship with his counsel. Plaintiff has adequately represented himself in these proceedings.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

*Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. That said, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc*, 509 F.3d 978, 984 (9th Cir. 2007). "[W]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**Background Facts**

Plaintiff is a refugee from the Democratic Republic of Congo who came to the United States in 2017. He was sponsored by World Relief Spokane.[3] His first job was washing dishes at the Defendant Davenport Hotel. He was interviewed by Sous Chef Robert Homuth and was hired by Executive Chef Ian Wingate. He worked there for 8 months—from August 2016 to April 2017, when he was terminated. Defendant maintains he was a problem employee who was "disruptive, insubordinate, disrespectful and combative." Plaintiff maintains he was a model employee. He asserts that Chef Wingate approached him on the night when he refused to do his work and said, "Paul, you are black, you must do everything at

---

[3] World Relief Spokane is an organization that helps refuges resettle in the United States by assisting them with housing, cultural orientation, learning English, employment services, immigration, legal services and citizenship classes.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

once." His other allegation of racial discrimination was when he met with managers and they called him a dog and other derogatory names.

Over one-third of the workforce at the Davenport Hotels[4] brand is made up of persons of color. Over the past two decades, the Davenport Hotels have provided jobs for roughly 1,000 or more refugees. In 2018, the Davenport Hotels were jointly named World Relief Spokane Employer of the Year.

## Racial Discrimination Claim

To establish a prima facie case under Title VII, a plaintiff must offer proof that: (1) the plaintiff belongs to a class of persons protected by Title VII; (2) the plaintiff performed his or her job satisfactorily; (3) the plaintiff suffered an adverse employment action; and (4) the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. *Cornwell v Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Establishing a prima facie case under *McDonnell Douglas* creates a presumption that the plaintiff's employer undertook the challenged employment action because of the plaintiff's race. *Id*. To rebut this presumption, the defendant must produce admissible evidence showing that the defendant undertook the challenged employment action for a "legitimate, nondiscriminatory reason." *Id*. If the defendant does so, then "the presumption of discrimination 'drops out of the picture'" and the plaintiff may defeat summary judgment by satisfying the usual standard of proof required in civil cases under Fed. R. Civ. P. 56(c). *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (citation omitted). In the context of employment discrimination law under Title VII, summary judgment is not appropriate if, based on the evidence in the record, a reasonable jury could

---

[4] Defendant Davenport Grand Hotel is part of the Davenport Hotels brand, consisting of five different properties.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

conclude by a preponderance of the evidence that the defendant undertook the challenged employment action because of the plaintiff's race. *Id*.

Where the same actors are responsible for both the hiring and firing and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive. *Coghlan v Am. Seafoods Co.*, 413 F.3d 1090, 1096 (9th Cir. 2005).

## Analysis

This case starts from the premise that there is a strong inference that no discriminatory motive factored in Defendant's decision to terminate Plaintiff. This is because not only did the person who hired Plaintiff also fire Plaintiff but the Davenport Hotels, who employed Plaintiff, have an exemplary record of hiring persons with color. Plaintiff is unable to overcome this strong inference. While Defendant provided abundant evidentiary support for its explanation that Plaintiff was terminated for reasons of insubordination and uncooperative behavior, Plaintiff has not provided any contrary evidence, or any evidence from which a justifiable inference could be made that he was terminated on account of his race. For instance, he has not provided any positive job evaluations, or statements from any co-workers regarding the work environment at the Davenport Hotels. Plaintiff cannot rely on his own conclusory statements to defeat summary judgment.

On the other hand, Defendant has shown that Plaintiff had been counseled on multiple occasions and was asked to improve his interactions with other employees, which he failed to do. He responded inappropriately when asked to perform routine tasks associated with his position. He was unable to work successfully around others and his situation was not improving, despite verbal and written warnings and counseling. He appeared unwilling to take direction from his managers/supervisors. There is nothing to suggest that Plaintiff was not treated fairly; rather, he was disciplined/counseled according to Defendant's standards and expectations.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

Simply put, Plaintiff's story is contradicted by the record. No reasonable jury could conclude by a preponderance of the evidence that Defendant fired Plaintiff because of his race.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment Dismissal, ECF No. 78, is **GRANTED**.

2. Defendant's Motion to Strike, ECF No. 104, is **GRANTED**.

3. Defendant's Motion to Expedite, ECF No. 103, is **DENIED**, as moot.

4. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

5. The Court certifies that an appeal of this decision would not be in good faith.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to Plaintiff and counsel, and **close** the file.

**DATED** this 30th day of September 2019.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**